# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEBORAH R. NORAH,**

    **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

Civil Action 2:11-cv-00250
Judge Algenon L. Marbley
Magistrate Judge E.A. Preston Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of the February 13, 2012 Report and Recommendation of the Magistrate Judge. (ECF No. 15.) The Magistrate Judge recommended that the Court affirm the decision of the Commissioner of Social Security ("Commissioner"). On February 24, 2012 Plaintiff filed her Objections to the Report and Recommendation. (ECF No. 16.) For the following reasons, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**.

## I.

Plaintiff's Statement of Errors, as well as her Objections, focus on her mental impairments. Plaintiff contends that, in finding that she was not disabled, the Administrative Law Judge ("ALJ") erred in evaluating her for mental retardation under Listing 12.05C. Additionally, Plaintiff maintains that the ALJ's residual functional capacity ("RFC") determination should have required that Plaintiff receive oral instructions and close supervision.

The Magistrate Judge concluded that the record evidence, including the opinions of psychologists Lee Howard and John Tilley, supports the ALJ's conclusion that Plaintiff did not have deficits in adaptative functioning as required under Listing 12.05C. The Magistrate Judge

also found that the evidence did not require the ALJ to limit Plaintiff to oral instruction or close supervision.

Plaintiff objects to the Magistrate Judge's findings and recommendation. According to Plaintiff, Dr. Howard's opinions do not support a finding that Plaintiff had no deficits in adaptive functioning. Additionally, Plaintiff continues to contend that the ALJ should have assigned oral instruction and close supervision restrictions.

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation

omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## III.

### A. Listing 12.05C

In her Objections, Plaintiff contends that the opinions of Dr. Howard do not support the conclusion that she had no deficits in adaptive functioning as refined under Listing 12.05C. First, relying on Listing 12.00D(6)(b), Plaintiff contends that because Dr. Howard did not have access to intelligence-test results, he was not in a position to issue an opinion regarding mental retardation. Second, Plaintiff asserts that Dr. Howard's underlying findings do not support his conclusion that she had no deficits in adaptive functioning.

Section 12.00D(6)(b) of the listing requirements provides that "[s]tandardized intelligence test results are essential to the adjudication of all cases of mental retardation that are not covered under the provisions of 12.05A." 20 CFR Pt. 404, Subpt. P, App. 1 § 12.00D(6)(b). This statement is confirmed within Listing 12.05 for mental retardation: 12.05B, C, and D all require a claimant to produce IQ tests results to confirm mental retardation. *See* 20 CFR Pt. 404, Subpt. P, App. 1 § 12.05. In addition to IQ results, however, Listing 12.05C also requires a claimant to satisfy a diagnostic description demonstrating "(1) subaverage intellectual functioning; (2) onset before age twenty-two; and (3) adaptive-skills limitations." *Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 675 (6th Cir. 2009). Accordingly, it is not enough for a claimant to produce IQ results to meet Listing 12.05C. *Cooper v. Comm'r of Soc. Sec.*, 217 F.

3

App'x 450, 452 (6th Cir. 2007).  The claimant must also demonstrate that he or she meets the diagnostic description.  *Id.*

Given this binding precedent, the Court concludes that the ALJ was not required to disregard the opinions of Dr. Howard in assessing Listing 12.05C.  Although Dr. Howard did not have the benefit of IQ testing, as a physiologist he was still an acceptable medical source who examined Plaintiff and performed a review of her functioning.  To the extent Dr. Howard opined as to Plaintiff's adaptive functioning, this information was certainly probative to determining whether Plaintiff met the diagnostic description requirements of Listing 12.05C.  Accordingly, the ALJ was entitled to consider Dr. Howard's opinions.

Furthermore, the Court agrees with the Magistrate Judge that Dr. Howard's opinions support the ALJ's finding that Plaintiff did not have deficits in adaptive functioning.  As Plaintiff stresses, Dr. Howard findings indicate that Plaintiff had some mental limitations including reduced short-term memory; somewhat reduced long-term memory; and a generally fund of knowledge that was slightly below normal.  (*See* R. at 260–61.)  As the Magistrate Judge discussed, however, "case law from the Sixth Circuit and other federal courts, suggests a claimant must have relatively significant deficits" to satisfy the requirement of deficits in adaptive functioning.  (Report & Recommendation 13–14, ECF No. 15 (collecting case law).)  Here, even considering that Plaintiff was somewhat limited in multiple areas, Dr. Howard concluded that Plaintiff "retained adaptive functioning . . . ."  (R. at 262.)  Additionally, Dr. Howard assigned Plaintiff a global assessment of functioning ("GAF") score suggesting no more than slight impairments in functioning.  (*See id.*)  Under these circumstances, the opinions of Dr. Howard support the ALJ's finding that Plaintiff did not have adaptive functioning deficits within the meaning of Listing 12.05C.

Even if the ALJ would have disregarded Dr. Howard's opinion, the opinions of Dr. Tilley still support the conclusion that Plaintiff did not have deficits in adaptive functioning. Dr. Tilley, who had access to Plaintiff's intelligence testing, assigned Plaintiff a GAF score indicating only mild symptoms. (*See* R. at 396.) Dr. Tilley also assessed Plaintiff's mental functional capacity in a variety of areas and assigned Plaintiff no limitation or no significant limitations in every area. (R. at 398.) Accordingly, in light of these circumstances, the Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff did not have deficits in adaptive functioning and, therefore, did not satisfy the requirements of Listing 12.05C.

**B. Mental RFC Limitations**

Within her second objection, Plaintiff asserts that the ALJ should have assigned her two additional mental limitations within her RFC. Plaintiff contends that pursuant to Social Security Ruling 85-16, she required oral instructions and close supervision.

Social Security Ruling 85-16 provides as follows:

> The evaluation of intellectual functioning by a program physician, psychologist, ALJ, or AC member provides information necessary to determine the individual's ability to understand, to remember instructions, and to carry out instructions. Thus, an individual, in whom the only finding in intellectual testing is an IQ between 60 and 69, is ordinarily expected to be able to understand simple oral instructions and to be able to carry out these instructions under somewhat closer supervision than required of an individual with a higher IQ. Similarly, an individual who has an IQ between 70 and 79 should ordinarily be able to carry out these instructions under somewhat less close supervision.

SSR 85-16, 1985 WL 56855, at *3 (1985). As Plaintiff admits, however, Ruling 85-16 does not require limitations of oral instructions and close supervision for all claimants with an IQ between 60 and 69.

In this case, the Court concludes that substantial evidence supports the ALJ's omission of such restrictions. As the Magistrate Judge recognized:

> [T]he ALJ properly omitted restrictions for oral instruction or close supervision because substantial evidence of record indicated that Plaintiff did not need these accommodations. Although Dr. Howard found Plaintiff capable of understanding and executing instructions within the low to moderate task range, he did not indicate that Plaintiff required oral instruction. Additionally, Dr. Howard found Plaintiff capable of relating to supervisors and did not indicate that Plaintiff required an increased degree of supervision. Dr. Tilley likewise found Plaintiff to be capable of performing simple instructions and not significantly limited in carrying out detailed instructions. Dr. Tilley's mental functional capacity evaluation further indicated that Plaintiff was capable of sustaining an ordinary routine without special supervision. Under these circumstances, the ALJ reasonably accommodated Plaintiff by assigning an RFC limiting her to simple, repetitive tasks.

(Report & Recommendation 17–18, ECF No. 15.) Ultimately, although a reasonable person may have found oral instruction or close supervision appropriate, the ALJ was within his zone of discretion in determining that such limitations did not apply.

## IV.

For the above reasons, as well as the reasoning outlined by the Magistrate Judge in her Report and Recommendation, Plaintiff's Objections (ECF No. 16) are **OVERRULED** and the Report and Recommendation is **ADOPTED** (ECF No. 15). The decision of the Commissioner is therefore **AFFIRMED**.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**DATED: March 20, 2012**